Thomas Rowe SCHWARZ, Custodial Receiver of Jefferson Loan Company, Inc., Bankrupt, Appellant,

v.

JEFFERSON LOAN COMPANY, Inc., Appellee.

No. 15758.

United States Court of Appeals Eighth Circuit.

Dec. 18, 1957.

Thomas Rowe Schwarz, pro se.

Forrest M. Hemker, St. Louis, Mo. (Edward L. Wiese, St. Louis, Mo., on the brief), for appellee.

Before SANBORN, JOHNSEN and VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order of the District Court, entered November 30, 1956, confirming an order of the Referee in Bankruptcy, filed June 26, 1956, denying the application of the appellant, Thomas Rowe Schwarz, as custodial receiver, for compensation in the amount of $1,485.74.

The facts are not in dispute, and the question for decision is whether, under the Bankruptcy Act, the appellant was entitled to the compensation which was denied him.

Schwarz was, on March 14, 1952, appointed by the District Court temporary receiver in an involuntary bankruptcy proceeding against the Jefferson Loan Company, Inc., debtor. The debtor was a finance company, the business of which consisted of making loans, financing accounts receivable for mercantile establishments, discounting notes, and making collections on the paper held by it. On December 9, 1952, while the involuntary proceeding was pending, the debtor filed a petition for an arrangement under Chapter XI of the Bankruptcy Act (11 U.S.C.A. §§ 701 et seq.). The bankruptcy proceedings were stayed. A modified plan of arrangement was filed April 29, 1953, which was confirmed May 22, 1953. As required by 11 U.S.C.A. § 737(1), the Referee on May 12, 1953, appointed Schwarz as custodial receiver or disbursing agent to receive and distribute the moneys to be deposited with him by the debtor under the proposed arrangement plan, and ordered that his compensation as such be the maximum allowed by § 76, sub. a(1) of Title 11 U.S.C.A.

On March 29, 1954, Schwarz petitioned the court for the allowance of $5,000 as compensation as receiver in bankruptcy. In his petition he stated that, pursuant to the plan of arrangement, the creditors of the debtor had been paid $270,480.62, and that its debenture holders had received preferred stock of the debtor. He further stated that his allowable compensation under 11 U.S.C.A. § 76, sub. a(3) would be $7,249.52 if it was determined that he was an operating receiver, and would be $3,624.78 under § 76, sub. a(2) if it was concluded that he was a receiver with full powers.

On April 30, 1954, the Referee determined that Schwartz as receiver had theretofore filed his report and a supplemental final report of March 29, 1954, showing that he had collected during the period of receivership $149,314.79, had disbursed $119,004.70, and had on hand, after deduction of certain authorized expenditures and a small bookkeeping er-

ror, $28,467.87. The Referee ordered: (1) that the receiver's reports be approved; (2) that Schwartz be allowed $3,385.58 for his services as receiver; (3) that Schwarz as receiver turn over to Schwarz as custodial receiver the balance of $28,467.87; and (4) that upon the filing of the latter's receipt for this cash balance and the debtor's receipt for all assets theretofore delivered to it, the receiver be discharged of his trust. The basis for the Referee's allowance of compensation to Schwarz as receiver was that he was not an operating receiver compensable under § 76, sub. a(3) of Title 11 U.S.C.A., but was a receiver with full powers and compensable under § 76, sub. a(2), and that the total amount upon which his compensation was to be computed (including $185,000 paid to him by the debtor to carry out the plan of arrangement) was $324,558.19. In his memorandum with respect to the application of the receiver, the Referee said:

"Money in the amount of $270,-480.62 was paid unsecured creditors upon confirmation of the plan and this sum will be included in the computation. Out of collections made by receiver $95,000.00 was, by order of court, used in the above payment of creditors under the plan and is included in said total of $270,480.62. Excluding said $95,000.00 receiver has disbursed $25,609.70 and presently has a balance on hand of $28,-467.87 as shown by order this day entered approving his reports.

"This balance he will turn over to the custodial receiver subject to be applied on expenses of administration and any balance will thereafter, when ordered by this court, be paid to debtor. Said two sums, aggregating $54,077.57, will be included in the computation.

"The commissions provided by Section 48a(2) [of the Bankruptcy Act; § 76a(2) of 11 U.S.C.A.] for receivers with full powers will be computed upon the sum of $324,558.-19, making $3,385.58, the amount of

maximum allowance under said section."

On November 3, 1955, Schwarz, as custodial receiver, filed an account and report, in which he stated that he had received from the debtor $185,000 to carry out the arrangement; that he had received from himself as bankruptcy receiver the sums of $95,000 and $28,467.-87, and also an additional amount of $14.00 from other sources, making, all told, $308,481.87. He further stated that he had disbursed $297,148.78, covering all claims under the plan of arrangement, and had a balance on hand of $11,333.09, and that he believed that he was entitled to compensation of one-half of one per cent of the $297,148.78 disbursed to creditors under the plan of arrangement, or $1,485.74. The Referee, in his memorandum filed with his order of June 26, 1956, in effect decided that Schwarz was not entitled to compensation as custodial receiver, since the allowance made to him as receiver was sufficient to compensate him for his services in both capacities.

In his memorandum the Referee said:

"It was this court's opinion that by reason of the provisions of Section 48(f) [of the Bankruptcy Act; § 76f of 11 U.S.C.A.] Mr. Schwarz was entitled to commissions at the rate provided under Section 48a(2) [§ 76a(2) of 11 U.S.C.A.] for receivers with full power, which commissions are not to exceed 6% on the first $500.00 or less, 4% on all in excess of $500.00, but not more than $1,500.00, 2% on all above $1,500.00 and not more than $10,000.00 and 1% on all above $10,000.00. Upon this basis receiver was then allowed $3,385.58 and Mr. Schwarz has been paid that amount. This compensation was based on realization by the receiver and the additional $185,-000.00 deposited to effect the plan of arrangement.

\* \* \* \* \* \*

"Were it not for the provisions of Section 48(f) [§ 76f of Title 11 U.S. C.A.] Mr. Schwarz would have re-

ceived commissions as a receiver with full powers under Section 48a (2) of the Act [§ 76a(2) of Title 11 U.S.C.A.], which would have been based upon money realized as receiver and then as custodial receiver would have been compensated at the rate of one-half of 1% upon the additional $185,000.00 deposited in connection with the plan instead of the rate of 1% on the latter sum, which he has heretofore been allowed and paid."

Schwarz, for accounting and compensation purposes, did not properly segregate Schwarz as receiver from Schwarz as custodial receiver. As Bankruptcy receiver he would, under § 76, sub. a(2), Title 11 U.S.C.A., have been entitled to no more than $1,623.15, based on $149,314.70 which he had in his possession at the time he became custodial receiver. The $185,000 paid to Schwarz as custodial receiver by the debtor to carry out the arrangement should not have been taken into consideration in computing his compensation as receiver. As custodial receiver, his compensation, we think, could not under § 76, sub. a(1) have exceeded two per cent on the first $1,000 and one-half of one per cent "on all above $1,000 on moneys disbursed * * * or turned over * * * to any persons * * *." The total amount disbursed by Schwarz as custodial receiver, according to his final report, was $297,148.78. Therefore, his maximum allowable compensation as custodial receiver would be $20.00 plus $1,480.74 or $1,500.74. Since Schwarz as receiver had been paid $3,385.58 as compensation, which exceeded the total maximum allowable compensation to which he was entitled both as receiver and custodial receiver, the Referee was warranted in denying the application of Schwarz for compensation as custodial receiver, and, we think, could not properly have done otherwise.

Section 112 of 11 U.S.C.A. provides:

"No receiver, marshal, or trustee shall in any form or guise receive, nor shall the court allow him, any other or further compensation for his services as required by this title, than that expressly authorized and prescribed in this title. * * * "

The order appealed from is affirmed.